IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **TIMOTHY B. HARDING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 5:08-01183 |
| | ) |
| **BUREAU OF PRISONS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 14, 2008, Plaintiff, acting *pro se*[1] and formerly incarcerated at FCI Beckley, filed his "Motion Seeking Enlargement of Time in which to Secure Medical Documents and Retain Legal Counsel For the Filing of Legal Action Against the Above Named Parties." (Document No. 1.) Specifically, Plaintiff requests "a sixty (60) day enlargement of time in which to obtain pertinent medical records and documents, as well as legal representation in the Charleston/Beckley area, in order to bring suit in the United States District Court for work-related injuries sustained at FCI Beckley on September 13, 2006." (Id., p. 1.) Plaintiff states that "the sought after enlargement of time will provide Plaintiff Harding the opportunity to secure the required medical facts and legal counsel necessary to support and corroborate his position when bringing legal action for the impairment suffered resulting from the injury." (Id., pp. 1 - 2.)

Plaintiff has taken no action since the filing of the above Motion, which was filed more than three years ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Court finds that the delays in this case are attributable solely to the Plaintiff as he has failed to take any action in the above case for approximately three years. In his Motion, Plaintiff indicated that he would be filing his Complaint within 60 days. Plaintiff, however, has failed to take any action which would indicate his continued interest in prosecuting this action. Specifically, Plaintiff has failed (1) to file a Complaint specifically setting forth his claims, and (2) to pay the Court's filing fee of $350 or obtain approval to proceed *in forma pauperis*. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee or file an Application to Proceed *in Forma Pauperis*. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.[3]

### **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

---

[3] It is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.") According to the Bureau of Prisons' Inmate Locator, Plaintiff is currently incarcerated at Lexington FMC.

and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: October 21, 2011.

R. Clarke VanDervort
United States Magistrate Judge